UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shanna Love, | ) | CASE NO. 1:12 CV 2260 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| AutoZone Stores, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's bill of costs (Doc. 25). Defendant seeks costs in the amount of $1735.40  For the following reasons, the motion is DENIED.

**Standard of Review**

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part:  "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  28 U.S.C. § 1920 provides that the court may tax as costs, inter alia, "fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case[.]"

There is a presumption in favor of awarding costs, but a court may deny costs at its

discretion.  *White & White v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986);

*Soberay Machine & Equipment Company v. MRF Limited, Inc*., 181 F.3d 759 (6th Cir. 1999).

There are circumstances which have been found by the Sixth Circuit as sufficient to overcome

the presumption in favor of awarding costs to the prevailing party:

> where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting nonmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult.

*White & White*, 786 F.2d at 730 (citations omitted).

### **Discussion**

Defendant prevailed in this matter when this Court granted summary judgment in its

favor on an employment discrimination case (Doc. 23).  Defendant submitted a bill of costs in

the amount of  $1735.40 resulting from costs incurred in the removal of this matter to this Court

and the taking of depositions (Doc. 25). Plaintiff has opposed defendant's bill of costs (Doc. 27) .

Defendant has not filed a reply brief.

Plaintiff argues that her lawsuit was brought in good faith.  However, while this is a

relevant consideration, it is an insufficient basis, without more, to deny costs.  *White & White*,

786 F.2d  at 730, *Goostree v. State of Tenn*., 796 F.2d 854, 864 (6th Cir. 1986).

Plaintiff argues that costs should be denied because this case was close and difficult

given the Court's lengthy treatment of it in its Opinion.  "The closeness of a case is not

determined by whether one party prevails over another, but by the refinement of perception

required to recognize, sift through and organize relevant evidence, and by the difficulty of

discerning the law of the case."  *White & White*, 786 F.2d at 732. The Court, however, did not

find this to have been a particularly close case.

Finally, plaintiff argues that it would be unfair to assess any costs against her given her financial situation. Plaintiff alerts the Court that she is not employed full-time, makes only $8.00 per hour for her typically scheduled 25 hours per week of work and on a good week works 30 hours. She is currently homeless and sleeping on a friend's couch, while AutoZone enjoys great financial success, as reported by its internet site.  Plaintiff avers that her three children currently live with her mother because of her financial situation and that there is no way she can afford to pay AutoZone's costs in this suit.

The Sixth Circuit has stated that the ability of a party to pay costs is not a valid criterion in assessing them.  *White & White,* 786 F.2d at 731 (A district court "should ignore" the ability of the prevailing party to pay his or her costs in determining whether to exercise its discretion to deny costs.)  AutoZone's financial situation, therefore, has no bearing on the Court's decision to impose costs. However, the indigency of the losing party may be considered in taxing costs, although it does not automatically "insulate a losing party from an order to pay costs." *Singleton v. Smith*, 241 F.3d 534 (6th Cir. 2001); *Johnson v. Henderson*, 1995 WL 579441 (6th Cir. Sept. 28, 1995). The burden is on the plaintiff "to show that he is incapable, as a practical matter, of paying" the costs. *Jones v. R. KOLB, Ruo*, 84 Fed. Appx. 560 (6th Cir. 2003). "The size of the award and the circumstances in which it will ultimately be applied" are factors that this Court may consider "in evaluating the effect of indigency." *Singleton*, 241 F.3d at 540.

Upon review, the Court finds that plaintiff's good faith in bringing this lawsuit and her asserted indigency prevent the imposition of costs in this case. The Court is careful to note that defendant does not dispute plaintiff's good faith and indigency status. Therefore, the Court will

3

not award costs.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's bill of costs is DENIED.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 12/20/13